UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| WILLIAM E. ROBERTS, | |
| Plaintiff, | Civil Action No. 0:12-016-HRW |
| v. | **MEMORANDUM OPINION** |
| MICHAEL SEPANEK, Warden, | **AND ORDER** |
| Defendant. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

On February 28, 2012, Plaintiff William E. Roberts ("Roberts"), in custody of the Federal Bureau of Prisons ("BOP"), and then an inmate at the Federal Prison Camp in Ashland, Kentucky ("FPC-Ashland"), filed a *pro se* "Emergency Motion For Temporary Restraining Order and Mandatory Relief" [D.E. #1], seeking immediate medical treatment which he states he needs to save his life. Specifically, Roberts requests the Court to enter a Temporary Restraining Order ("TRO") prohibiting the BOP from transferring him to another Federal Medical Center for further evaluation and treatment of his heart condition and that the court enter an Order directing the BOP to transport him to the King's Daughters Medical Center in Ashland, Kentucky, or to Our Lady of Bellefonte for further evaluation and treatment.[1]

---

[1] Additionally, in a separate mailing, Roberts sent an original newspaper article to the undersigned entitled "Heart Valve's Launch is Painstaking," from the February

In considering Roberts' emergency motion for a TRO and mandatory relief, the Court is informed that Roberts is no longer an inmate at FPC-Ashland and that he is currently confined at the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC-Oklahoma").[2] Roberts' motion seeking injunctive relief in the form of a TRO prohibiting the BOP from transferring him to another federal institution and an Order directing the BOP to transport him to a local medical center/hospital in Ashland, Kentucky, for further evaluation and treatment of his heart condition is moot because he is no longer confined in FPC-Ashland. Generally, an inmate's transfer to another prison moots his request for injunctive relief. *Lyons v. Azam*, 58 F. App'x. 85, 87 (6th Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); see also *Jones v. Pancake*, No. 06-188, 2007 WL 2407271, at *2 (W. D. Ky. August 20, 2007) (prisoner's subsequent transfer to another facility mooted his Fourteenth Amendment claims and demands for injunctive relief).

---

17, 2012, *Wall Street Journal*. However, this original newspaper article was not included with or attached to Roberts' "Emergency Motion For Temporary Restraining Order and Mandatory Relief" [D.E. #1] that he sent to the Clerk of the Court. The Clerk of the Court will be directed to scan this newspaper article into the record and make it a part hereof.

[2] The *Inmate Locator* feature on the BOP's website, www.bop.gov, reflects that as of March 8, 2012, Roberts was confined at FTC-Oklahoma.

## Dismissal of Action

Having concluded that Roberts' sole request- a motion seeking an emergency order and/or emergency injunctive relief - is moot, there is nothing further for the Court to consider, and accordingly, dismissal of this action is warranted. See *Abernathy v. Patterson*, 295 F.2d 452, 456 (5th Cir. 1961) (affirming dismissal of civil rights complaint where the district court had twice denied the plaintiffs' motion for preliminary injunction, which was the only relief they sought); *Cohen v. Dewalt*, No. 08-CV-288-JBC (E. D. Ky.) (Order, November 7, 2008, [R.13, p. 5], dismissing *Bivens* action where the court had, by prior Order, denied the plaintiff's motion seeking emergency injunctive relief, which was the only relief he had requested); *Lovaas v. Osen*, No. C-06-66-BU, 2007 WL 686689, *5 (D. Mont. March 5, 2007) (dismissing action where the court denied a request for a preliminary injunction and restraining order, which was the only relief sought in the Complaint and Petition); and *F.D.I.C. v. Lenz*, 323 F. Supp.2d 342, 346 (D. Conn. 2004) (dismissing action after denying the plaintiff's sole request for a preliminary injunction).

Accordingly, **IT IS HEREBY ORDERED** that:

(1)  The Clerk of the Court shall:

3

   (a)   reclassify the cause of the action of this proceeding in the CM/ECF system **from** 42 U.S.C. § 1983 **to** 28 U.S.C. § 1331, *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and,

   (b)   scan into the record and docket the newspaper article entitled "Heart Valve's Launch is Painstaking," from the February 17, 2012, *Wall Street Journal*, as an attachment to Plaintiff William E. Robert's "Emergency Motion for Temporary Restraining Order and Mandatory Relief," [D. E. No. 1].

   (2)   Plaintiff William E. Roberts' "Emergency Motion for Temporary Restraining Order and Mandatory Relief," [D. E. No. 1] is **DENIED AS MOOT**.

   (3)   All issues having been resolved, this action is **DISMISSED** *sua sponte* and **STRICKEN** from the docket.

   (4)   A separate Judgment in accordance with this Memorandum Order will be entered in favor of the Defendant, Michael Sepanek, Warden.

   This 10th day of April, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge